UPS asked the Commonwealth Court to do was to *enforce* that order as written.[2]

Therefore, in the present appeal, it is the majority, not UPS, that raises these matters. In doing so, the majority ignores Pa.R.A.P. 302 which states that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[,]" and violates a cardinal rule of appellate jurisprudence, and one which this court has repeatedly upheld—namely, that an appellate court will refrain from raising issues *sua sponte.* *See Danville Area School District v. Danville Area Educ. Ass'n,* 562 Pa. 238, 754 A.2d 1255, 1259 (2000).

Accordingly, I would affirm the Commonwealth Court's order that denied UPS' Application to Enforce.

Justice NEWMAN joins this dissenting opinion.

### In the Matter of Lacy R. WHEELER, III.

### No. 322 Disciplinary Docket No. 3.

Supreme Court of Pennsylvania.

July 29, 2003.

### *ORDER*

PER CURIAM:

AND NOW, this 29th day of July, 2003, upon consideration of the Report and Rec-

---

**2.** In support of the relief it gives to UPS, the majority opinion states that UPS as the "prevailing party" in *UPS I* was precluded under Pa.R.A.P. 501 from filing an appeal from the order entered therein. (Majority Opinion at ——, 830 A.2d at 948). Assuming for argument's sake that UPS would not have been authorized to appeal from that order based on the assertion that the order as written aggrieved it and harmed its interests, my disagreement with the majority remains. UPS could have raised the questions the majority raises about the Commonwealth Court's opinion and order in *UPS I* in its Application to Enforce. UPS, however, did not do so.

ommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated May 2, 2003, the Petition for Reinstatement is GRANTED.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the Board in the investigation and processing of the Petition for Reinstatement.

**In the Matter of Rubina Wadhwa ARORA.**

**No. 558 Disciplinary Docket No. 3.**

Supreme Court of Pennsylvania.

July 29, 2003.

*ORDER*

PER CURIAM:

AND NOW, this 29th day of July, 2003, upon consideration of the Report and Recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated May 2, 2003, the Petition for Reinstatement is GRANTED.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the Board in the investigation and processing of the Petition for Reinstatement.